MILLARD v. HART.

CONTRACTS — MODIFICATION — IMPLIED CONTRACTS — ACCORD AND
SATISFACTION—QUANTUM MERUIT.
    Within the terms of a contract which bound the plaintiff to
    cut and deliver logs at a certain price and place, an action
    lies to recover the contract price, although the parties modified
    its terms by changing the place of delivery, but fixed no def-
    inite price for a shorter haul so agreed upon; and the plain-
    tiff is not limited by the *quantum meruit*.

Error to Benzie; Chittenden, J. Submitted October 15,
1909. (Docket No. 100.) Decided November 5, 1909.

Assumpsit by Lionel Millard against William A. Hart
for work and labor. A judgment for plaintiff on a ver-
dict directed by the court is reviewed by defendant on
writ of error. Affirmed.

*M. G. Paul*, for appellant.

*D. G. F. Warner*, for appellee.

BROOKE, J. Plaintiff brought suit in assumpsit against
defendant for work and labor performed under a written
contract as follows:

    "This agreement, made this 23d day of December, A.
D. 1907, by and between L. Millard of the first part and
W. A. Hart, of Thompsonville, Mich., of the second part.
Witnesseth, the said party of the first part covenants and
agrees to and with the party of the second part as follows:
That he, the party of the first part, will cut and deliver
the timber on the southeast quarter of the northwest quar-
ter of section 31, township twenty-five north, in range
fourteen west (Weldon), in the following manner: All
merchantable timber 10 inches and over shall be cut in
lengths as far as possible to be in 12 feet, 16 feet lengths,
and all timber is to be cut as near the ground as possible,
and it shall be delivered to the National Wood Dish Co.

mill in the village of Thompsonville, Mich.   This work is all to be done this season (1907 and 1908) if possible; should weather conditions prevent this shall be continued next year.

"It is understood that party of the second part is to pay for all damages caused by crossing land in getting this timber out, but if it exceeds $25 it shall be first submitted to the party of the second part.

"And the party of the second part covenants and agrees to pay to the said party of the first part for same the sum of $5.50 per M feet lawful money of the United States as follows: $2.00 per M feet when cut and skidded in the woods and the balance of $3.50 per M when delivered to the mill or track.

"In witness whereof the parties to these presents have hereunto set their hands and seals the day and year first above written.

"L. MILLARD.   [L. S.]<br>
"W. A. HART.   [L. S.]

"Signed, sealed and delivered in presence of E. M. DIXON."

Plaintiff commenced work under the contract, and delivered the logs, cut at the village of Thompsonville, as provided in the contract, until February 7, 1908, when the defendant wrote him as follows:

"February 7, 1908.

"Mr. MILLARD.

"*Dear Sir:*   I have come to the conclusion to have the logs put out on the M. & N. E. Branch.   So I am going away for a few days and you can commence to put them there.   Don't take any stamped ones until I see you.

"W. A. HART."

After the receipt of the foregoing notice plaintiff delivered the logs as directed, at the M. & N. E. Branch, which was some miles nearer where they were cut than was Thompsonville.   The record shows that upon several occasions, the defendant sought to get the plaintiff to agree to accept a lesser sum per thousand than that specified in the contract, by reason of the shorter haul, but that the plaintiff never did agree to accept any specific sum less than the contract called for.   On cross-examination, defendant testified:

"*Q.* Didn't you swear in justice court that he never agreed to take $4 a thousand?

"*A.* Why, I might have in those words.

"*Q.* Well, as a matter of fact, you and Millard never have got to an agreement as to what he should receive yet?

"*A.* No, sir.

"*Q.* There has always been a disagreement between you two in your minds as to this matter?

"*A.* Yes, sir; since this has come up."

It is the claim of the defendant, that, because the place of the delivery was changed by the defendant, the plaintiff consenting thereto, the entire written contract was abrogated and a new one entered upon, and, the parties having been unable to agree as to the new price, the plaintiff should be permitted to recover only upon the *quantum meruit.* This contention was overruled by the learned circuit judge, who (there being no dispute as to the number of feet delivered, nor as to the amount paid by the defendant upon account) directed a verdict for plaintiff for the balance due under the contract at the contract price. Upon a proposition so plain as that recited, there is no necessity for the citation of authority. Defendant, to serve his own ends, changed the place of delivery, and it cannot be said that the plaintiff, because he accepted this modification of the contract, thereby agreed to accept less than the contract price. That agreed price could only be changed by mutual agreement, which defendant testifies was never reached.

Error is assigned upon the rejection of certain testimony, which we find it unnecessary to consider because of the case made by the written evidence and the testimony of the defendant.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MOORE, and MCALVAY, JJ., concurred.